## McCormick Harvesting Machine Company v. Frank Laster et al.

1. CONSTRUCTION—*Of Contracts of a Surety.*—The same rules are to be applied in ascertaining the meaning of the contract of a surety which are used in ascertaining the meaning of any other contract, although when the intention of the parties has been arrived at by the use of those rules, the liability of the surety should not be enlarged or extended by implication or construction.

2. BONDS—*To Cover the Performance of Future Contracts.*—A bond may be made to cover the faithful performance of contracts that may be made after the execution of the bond, if the intention of the parties to that effect is clearly expressed.

3. SAME—*A Bond Construed.*—A bond dated October 4, 1892, recited that on January 18, 1892, A entered into B's service as an agent, "as shown in a contract hereto annexed." The bond read as follows : " Now, therefore, if the said A shall well and faithfully discharge all his duties pertaining to the said service, as he may be instructed from time to time by the said B so long as he shall continue in his service, whether under the contract this day made, or any subsequent contract, and shall remit promptly, all money collected or received by virtue of said service, and shall, whenever thereunto required, make and give a just and true account of all moneys, property and other things which shall have come into his possession, custody or charge, by virtue of said contract hereto

annexed and made a part hereof, then this obligation to be void, otherwise to remain in full force and effect." *Held*, that the bond was a security for the faithful performance of all duties and the remittance of all money received under the contract of January 18th, from the time of the execution of the bond, and also under any subsequent contracts entered into for the performance of the same service.

**Debt**, on a bond. Appeal from the Circuit Court of Hamilton County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1897. Reversed and remanded. Opinion filed June 10, 1897.

C. S. CONGER and T. M. ECKLEY, attorneys for appellant.

T. B. STELLE, R. R. BARNETT and A. C. BARNETT, attorneys for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This is an action on a bond executed by Frank Laster and the other appellees as his sureties, to insure the faithful performance of the contract of the said Laster as the agent of appellant for the sale of machinery, the appointment of sub-agents, and the collection of accounts. Appellant elected to stand by its declaration after a demurrer thereto had been sustained, and a judgment was thereupon rendered in favor of appellees for costs.

Two principal questions are presented for consideration: first, does the bond cover the unexpired term of the contract dated January 18, 1892, between appellant and Laster, and, second, does it cover contracts made between appellant and Laster after the execution and delivery of the bond?

1. It is contended that, inasmuch as the obligation of a surety is to be strictly construed, the bond, which is dated October 4, 1892, and refers in one clause to a contract this day made with appellant, can not be construed as applying to a contract made on the 18th day of the preceding January. This might be true if the bond contained no other reference to the contract.

But the bond recited that Laster, on January 18, 1892,

entered into appellant's service as agent, "as shown in a contract of appointment and conditions hereto annexed." The bond then reads as follows: "Now, therefore, if the said Frank Laster shall well and faithfully discharge all his duties pertaining to the said service, as he may be instructed from time to time by the said McCormick Harvesting Machine Company, so long as he shall continue in their service, whether under the contract this day made with them, or any subsequent contract, and shall remit to them promptly as they may direct, all money collected or received by him by virtue of said service, and shall, whenever thereunto required, make and give a just and true account of all moneys, property and other things which shall have come into his possession, custody, or charge, by virtue of said contract, hereto annexed and made a part hereof, then this obligation to be void; otherwise to remain in full force and effect."

Shall the words "this day made" prevail over the express statement that Laster is to account for the moneys, property and other things coming to his possession by virtue of the contract dated January 18th, which is annexed to the bond, and expressly made a part of that instrument?

If the rights of sureties were not involved, the answer would be an unhesitating no. But it seems to be argued that one construction of a contract is to be made for the principal, and another for the sureties; that by some sort of jugglery with words, the plain import of an agreement is to be made to yield to a forced and unnatural construction for the purpose of relieving sureties from their obligations.

The cases cited by counsel for appellees do not sustain this position. The same rules are to be applied in ascertaining the meaning of the contract of a surety which are used in ascertaining the meaning of any other contract; but when the intention of the parties has been arrived at by the use of these rules, the liability of the surety should not be enlarged or extended by implication or construction.

In Shreffler v. Nadelhoffer, 133 Ill. 536, where many leading authorities are cited and quoted from, it is said:

" It is not meant by this rule (the rule of strict construction), however, that the courts, in endeavoring to ascertain the precise terms of the contract made by a surety, may not resort to the same aids, and invoke the same canons of interpretation which apply in case of other contracts. * * * Indeed, any other mode of interpretation would lead to the absurd result of giving to the same set of words in a contract one force and meaning when the principal is defendant, and a different force and meaning when the suit happens to be brought against the surety or guarantor. The rule of strict construction, as applied to the contracts of sureties and guarantors, in no way interferes with the use of ordinary tests by which the actual meaning and intention of contracting parties are ordinarily ascertained, and forbids any extension of such liability by implication beyond the strict letter of those terms."

Applying these rules to the construction of the bond in question, we are forced to the conclusion that the sureties are bound for the faithful performance of the contract dated January 18th, from the time of the execution and delivery of the bond.

2. The declaration alleges that, after the making of the bond, other contracts were entered into between appellant and Laster from time to time, for the continuation of Laster's agency, and the question now arises whether or not the sureties are bound for the performance of those subsequent contracts. Undoubtedly a bond may be made to cover future contracts, if the intention of the parties to that effect is clearly expressed. Brandt on Suretyship and Guaranty, Sec. 144.

There are three clauses in the condition of this bond when the same is subjected to analysis, and this suit, which has been brought for a failure to remit moneys collected and received, is for a breach of both the first and the second of these clauses.

The first clause is for the faithful performance of all Laster's duties pertaining to his service under any subsequent contract, as well as under the contract then existing.

The second clause is for the prompt transmission of all moneys collected or received by virtue of said service; that is, the service under the contract then existing, or any subsequent contract, as specified in the first clause, to which reference is undoubtedly made by the use of the words said service.

The third clause is for the making of a just and true account whenever required, of all moneys, property and other things held by virtue of the contract annexed to the bond.

Does this limitation of the third clause to the contract annexed to the bond have the effect of expunging the words, "under any subsequent contract," from the first clause, or of breaking their connection with, or preventing their application to, the second clause? We think not. Even if the specific obligation to account is limited to the one contract, the obligation to faithfully perform all duties, and to remit moneys collected or received applies not only to the contract in force when the bond was made, but also to any subsequent contract entered into for the continuation of the same service.

For the error in sustaining the demurrer to the declaration, the judgment is reversed and the cause remanded.